## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### CASE NO. 1:21-CV-22792-KMM

8TH SENSE, INC.,

     Plaintiff,

v.

HUMES MCCOY AVIATION, INC. *et al*,

     Defendants.

_____/

### INTERIM REPORT AND RECOMMENDATION

**THIS MATTER** was referred to the undersigned pursuant to 28 U.S.C. § 636 and the Magistrate Rules of the Local Rules of the Southern District of Florida by the Honorable K. Michael Moore, District Court Judge for the Southern District of Florida to take all necessary and proper action as required by law with respect to Plaintiff's request for a hearing to convert the Temporary Restraining Order ("TRO") to a preliminary injunction, and Plaintiff's request for expedited limited discovery (ECF No. 8).  A hearing was conducted on Plaintiff's Renewed Expedited Motion on August 16, 2021.

At the hearing, an agreement was reached with respect to the Branch Banking and Trust Company ("BB&T") Trust Account that is the subject of paragraph three of the Court's TRO, and the balance of which is disclosed in Exhibit 2 to Plaintiff's Renewed Expedited Motion (ECF No. 16-2).  To the extent the TRO is extended, any such injunctive relief should not reach the BB&T Trust Account.  Specifically, Defendants Humes McCoy Aviation, Inc. and Thay James Humes articulated and proffered specific harm arising from Defendants' inability to conduct its business while enjoined from using the account, while Plaintiff acknowledged that the disputed funds are no longer in this BB&T account.  On the balance of harms, Plaintiff can articulate no prejudice his

1

client would endure should the TRO not extend with reference to the BB&T Trust Account and should Defendants be allowed to use the account.

The same was not true with reference to the relief ordered in paragraph two, which enjoins Defendants and their officers, agents, servants, employees, attorneys, and all other persons in active concert or participation of them, who receive actual or constructive notice of the Order by personal service or otherwise, whether acting directly or through any trust, corporation, subsidiary, division, or other device from transferring, liquidating, converting, encumbering, pledging, loaning, selling, concealing, dissipating, disbursing, assigning, spending, withdrawing, granting a lien or security interest or other interest in, or otherwise disposing of any funds or accounts that include, are derived from, or otherwise related to the Trust Funds.

In conclusion, an evidentiary hearing shall be set within two weeks on a date to be mutually proposed by the Parties.  Extending the TRO as limited herein will maintain the status quo without prejudice to either party.  Accordingly, it is **RECOMMENDED** that the TRO be extended as limited herein through **September 3, 2021**.

It is further **RECOMMENDED** that the TRO be **dissolved** insofar as it enjoined Defendants from using the BB&T Trust Account that is the subject of paragraph three of the TRO.

A party shall serve and file written objections, if any, to this Report and Recommendation with the Honorable K. Michael Moore, United States District Court Judge for the Southern District of Florida, within an **abbreviated objection period of 24 HOURS**[1] of being served with a copy of this Report and Recommendation.  Failure to timely file objections will bar a *de novo* determination by the District Judge of anything in this recommendation and shall constitute a waiver of a party's "right to challenge on appeal the district court's order based on unobjected-to

---

[1] The period to object is abbreviated because the Parties agreed to both the relief recommended and to the abbreviated objection period set forth here.

factual and legal conclusions." 11th Cir. R. 3-1 (2016); 28 U.S.C. § 636(b)(1)(C); *see also* *Harrigan v. Metro-Dade Police Dep't Station #4*, 977 F.3d 1185, 1191-92 (11th Cir. 2020).

**DONE AND ORDERED** in Chambers in Miami, Florida, this 16th day of August, 2021.

LAUREN F. LOUIS
**UNITED STATES MAGISTRATE JUDGE**

cc: All Counsel of Record